IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KEVIN ALAN MEGEHEE                                                                                        PLAINTIFF

v.                                              Civil No. 5:21-5036

SHERIFF SHAWN HOLLOWAY, ET AL.                                                          DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff, Eric C. Burgie, proceeds in this matter *pro se* and *in forma pauperis*. (ECF No. 1, 3). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

On February 25, 2021, the Court noted that Plaintiff failed to submit the signature page with his Complaint. (ECF No. 3). The Plaintiff was instructed to submit an Amended Complaint, that includes all pages including the signature page, by March 17, 2021. (ECF No. 3). The Order further states: "Plaintiff is advised that he is required to immediately inform the Court of any change of address. **If Plaintiff is transferred to another jail or prison or released, he shall have 30 days from the date of transfer or release in which to notify the Court of his new address.** . . . **Failure to inform the Court of an address change shall result in the dismissal of this case.**" *Id.* Plaintiff did not return an Amended Complaint as directed by the Court.

On March 29, 2021, the Court entered an Order giving Plaintiff until April 19, 2021, to show cause why this action should not be dismissed for failure to obey an order of the Court. (ECF No. 6). The Order further states "[f]ailure to respond to this Order **shall** result in the dismissal of this action." (ECF No. 6). Plaintiff has not responded to the Court's Order to show cause.

On April 13, 2021, and April 15, 2021, mail addressed to the Plaintiff was returned to the Clerk's Office. (ECF Nos. 7, 8). The mail was returned marked "Return to Sender Not Deliverable as Addressed Unable to Forward." Also noted on the returned envelopes is "No longer here." *Id*. There is no new address available for the Plaintiff.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey an Order of the Court and has failed to prosecute this matter. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), it is recommended that Plaintiff's Complaint in this case be **DISMISSED WITHOUT PREJUDICE.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 17th day of May 2021.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

3